# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 20-01444-JW |
| | Chapter 13 |
| Willie Johnnie Bowen, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court on the Objection to Claim of Real Time Resolutions, Inc. ("Real Time"), filed by Willie Johnnie Bowen ("Debtor") on June 12, 2020. No responses to the Objection to Claim were filed by any party in interest, including Real Time. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core matter under 28 U.S.C. § 157. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this matter by Fed. R. Bank. P. 7052, the Court makes the following findings of fact and conclusions of law.[1]

## **FINDINGS OF FACT**

1.  Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on March 18, 2020.[2] Together with the petition, Debtor filed his Schedules and Statements. On Schedule D, Debtor listed Shellpoint Mortgage Servicing

---

[1] To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

[2] Debtor had a previous Chapter 13 bankruptcy case, which was filed on August 31, 2012, was converted to Chapter 7 on July 11, 2013, and was discharged and closed on October 16, 2013. In that case, Resurgent Capital Services filed a secured proof of claim regarding the same second mortgage at issue in this case in the amount of $16,436.15 with interest at 5.25%. The proof of claim indicated that the last payment received from Debtor was on July 5, 2006, and that the arrearage as of the time the case was filed was $196.20. No copy of the note was attached to the 2012 proof of claim.

Entered: 08/25/2020

as the holder of a secured claim in the amount of $15,948.75, secured by a second mortgage on real property located at 348 Red Briar Lane, Cross, South Carolina, 29436.[3]

2.  On March 19, 2020, Debtor filed his Chapter 13 plan. In his plan, Debtor proposed to pay Shellpoint Mortgage Servicing's claim of $15,948.75 in full plus interest at rate of 5.75% by making monthly payments of $322.00. Debtor filed an amended plan which proposed the same treatment of this claim on May 6, 2020. The amended plan has not yet been confirmed, but the deadline to object to confirmation has passed without any objection, including any objection from the holder of the second mortgage.

3.  On April 1, 2020, Shellpoint Mortgage Servicing transferred the mortgage loan to Real Time. On April 3, 2020, Real Time sent a Notice of Servicing Transfer to Debtor.

4.  On May 27, 2020, Real Time filed a proof of claim, asserting a secured claim in the amount of $23,251.90, secured by a second mortgage on 348 Red Briar Lane, Cross, SC 29436. The proof of claim does not indicate any other names the creditor used with the debtor or that the claim was acquired from someone else. Real Time included the Mortgage Proof of Claim Attachment (Official Form 410A) with its proof of claim, which purports to set forth a payment history on the loan beginning November 5, 2006 and ending on February 5, 2015, and indicates that "[t]he loan is scheduled to mature during the bankruptcy." Real Time also attached a copy of a Mortgage and copies of three assignments to the proof of claim, the terms of which are mostly illegible. The promissory note for the loan was not attached to the proof of claim.

---

[3]  Debtor testified that he determined the amount of the claim based upon the balance provided on his most recent monthly statement from Shellpoint Mortgage Servicing, dated January 21, 2020, which indicated that the total amount due on the loan was $15,948.75.

5.   On June 12, 2020, Debtor filed the Objection to Claim of Real Time, which seeks to reduce the allowed amount of Real Time's secured claim to $15,948.75, the amount indicated as being due in the most recent monthly statement (dated January 21, 2020) received by Debtor regarding this mortgage debt before the case was filed. The Objection to Claim with notice of the deadline for any response was served on Real Time at the address provided for notices on its Proof of Claim but Real Time did not file any response. Despite the failure to respond, due to Debtor's request for an unliquidated amount of attorney's fees and expenses, the Court set a further hearing on the Objection to Claim for August 12, 2020 and provided service of the hearing notice on Real Time.[4]

6.   On August 12, 2020, the Court conducted a hearing on the Objection to Claim. Debtor was present at the hearing and his testimony was proffered, without objection, to the Court. No representative of Real Time appeared at the hearing.

## CONCLUSIONS OF LAW

Debtor's Objection to Claim requests that Real Time's claim be reduced from $23,251.90 to $15,948.75. Debtor does not challenge the validity of a second mortgage claim, but rather disputes the enforceability of the amount claimed as being owed by Debtor. Debtor asserts that the Court should not rely on the Real Time's proof of claim to determine the amount of its claim because it does not meet the requirements of Fed. R. Bankr. P. 3001. Instead, since Real Time failed to respond to Debtor's Objection to Claim

---

[4] The original hearing date provided in the notice was not placed on the hearing calendar due to Real Time's failure to timely object. To ensure Real Time received proper service of the further hearing directed by the Court, an order was entered directing the Clerk of Court to serve Real Time with notice of the hearing at the following addresses: (1) the address listed for notices in its proof of claim (Attn: Officer, Managing or General Agent, Real Time Resolutions, Inc., 1349 Empire Central Dr. Suite 150, Dallas, Texas 75247); and (2) the address listed for its registered agent with the South Carolina Secretary of State (CT Corporation System, Registered Agent for Real Time Resolutions, Inc., 2 Office Park Court Suite 103, Columbia, SC 29223).

and the claim did not have prima facia validity, Debtor argues that Real Time's claim should be allowed as asserted in the Objection in the amount of $15,948.74, which was the total amount due shown on the most recent mortgage statement received by Debtor from Real Time's predecessor in interest prior to filing the bankruptcy petition.

Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this Title, is deemed allowed, unless a party in interest… objects."  When an objection is filed, the court, after notice and a hearing, must determine the amount of the claim as of the date of the filing of the petition and allow such claim except to the extent it is not allowable under the grounds listed under 11 U.S.C. § 502(b), including that the "claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…."  Accordingly, since Debtor has objected to Real Time's proof of claim, it is no longer deemed allowed and the Court must determine the amount and validity of Real Time's claim.

Rule 3001 of the Federal Rules of Bankruptcy Procedure governs the form and content of a proof of claim.  A claim filed in accordance with Fed. R. Bankr. P. 3001 constitutes *prima facie* evidence of its validity and amount.  Fed. R. Bankr. P. 3001(f).  If the requirements of Fed. R. Bankr. P. 3001 are not met, then the claim lacks *prima facie* evidence of its validity and amount, and the Debtor need only file an objection challenging allowance of the claim pursuant to 11 U.S.C. § 502(b). *In re Devey,* 590 B.R. 706, 721 (Bankr. D.S.C. 2018).   The burden then shifts to the claimant to prove the validity and amount of its claim. *Id.*

Debtor asserts that the claim does not meet the requirements of Fed. R. Bankr. P. 3001 for several reasons.  First, Debtor argues that Real Time did not satisfy the

requirements of Rule 3001(c)(2)(A) because its Proof of Claim provides inconsistent information regarding the interest rate and the amount of interest due on the loan. The interest rate indicated on the Proof of Claim filed by Real Time in this case (7.0%) is inconsistent with the interest rate indicated on the Proof of Claim for the same mortgage filed by Real Time's predecessor in interest in Debtor's 2012 bankruptcy case (5.25%). The Proof of Claim further indicates that Debtor owes $11,309.60 in interest while the January 21, 2020 monthly statement received from Real Time's predecessor in interest indicates that only $3,939.20 in interest is due on the loan.

Second, Debtor asserts that Real Time failed to comply with Fed. R. Bankr. P. 3001(c)(2)(C) by not properly and accurately completing the Mortgage Proof of Claim Attachment (Official Form 410A). Real Time did not fill out the payment history in the format required by Official Form 410A, which requires the claimant to list all transactions on the claim from the first date of default to the petition date. According to the Form's instructions, "the first date of default is the first date on which the borrower failed to make a payment in accordance with the terms of the note and mortgage, unless the note was subsequently brought current with no principal, interest, fees, escrow payments, or other charges immediately payable." The payment history, which begins November 5, 2006, does not reflect receipt of any trustee disbursements[5] or payments from Debtor during his prior bankruptcy case, which was pending between August 31, 2012 until October 18, 2013, and the first date of default (November 5, 2006) is inconsistent with the record in that case, which indicates that the last payment made was on July 5, 2006. A complete and

---

[5] The record indicates that $680.75 was disbursed by the Chapter 13 Trustee to Real Time's predecessor in interest in Debtor's 2012 bankruptcy case.

accurate payment history is critical to substantiate the amount of a mortgage creditor's claim. *See In re Brown,* 603 B.R. 786, 792 (Bankr. D.S.C. 2019); *see also* 2015 Committee Note for Official Form B410A ("Attachment of a loan history with a home mortgage proof of claim will also provide transparency about the basis for the claimant's calculation of the claim and arrearage amount.").

The Court further observes that the Proof of Claim does not indicate that the claim was transferred from Shellpoint Mortgage Servicing to Real Time post-petition, as indicated by the record, and therefore does not substantially comply with the requirements of the Official Form as required by Fed. R. Bankr. P. 3001(a)).  Finally, Real Time's claim is based upon a writing (i.e., a promissory note and mortgage) and Real Time did not meet the requirements of Fed. R. Bankr. P. 3001(c)(1) because it failed to attach a copy of the promissory note and attached only an illegible copy of the Mortgage.[6]  Without the attachment of these essential documents, neither Debtor, the Chapter 13 Trustee, nor the Court are able to discern critical elements of Real Time's claim, such as the correct interest rate and maturity date of the loan.

Based upon the foregoing, the Court finds that Real Time's Proof of Claim fails to meet the requirements of Fed. R. Bankr. P. 3001(c) and did not constitute *prima facie* evidence of the validity and amount of its claim under Fed. R. Bankr. P. 3001(f).  *See Brown,* 603 B.R. at 792 (citing *Maddux v. Midland Credit Management, Inc.,* 567 B.R. 489 (Bankr. E.D.Va. 2016)).  By failing to timely contest the Objection to Claim and failing to attend the hearing to present evidence in support of its claim,[7] despite proper notice, Real

---

[6] Real Time also did not attach a statement that the note was lost or destroyed.

[7] Real Time also failed to timely object to confirmation of Debtor's Chapter 13 plan, which proposed payment of its claim in the total amount of $15,948.75.

6

Time failed to meet its burden of proof to establish its claim's validity and amount by a preponderance of the evidence. *See Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004). The Court finds that the Real Time did not meet its burden of demonstrating a claim in the amount of $23,251.90. Furthermore, at the hearing, Debtor presented evidence demonstrating that Real Time's claim should be allowed in the lesser amount of $15,948.74, which is the amount requested in the Objection to Claim and the amount proposed to be paid to Real Time pursuant to Debtor's Chapter 13 plan. Therefore, the Court determines that Real Time has a secured claim in the amount of $15,948.74 and allows such claim pursuant to 11 U.S.C. § 502(b).

As part of the Objection to Claim, Debtor also seeks relief under Fed. R. Bankr. P. 3001(c)(2)(D). This rule provides:

> If the holder of a claim fails to provide any information required by subdivision (c) [of Fed. R. Civ. P. 3001], the court may, after notice and a hearing, take either or both of the following actions:
>
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

It appears that relief under Fed. R. Bankr. P. 3001(c)(2)(D) is warranted in this matter. A debtor should be provided with sufficient information in a proof of claim to determine the amount and validity of claim filed against them without having to incur significant expense and delay. *See Brown,* 603 B.R. at 797. The benefit of filing a transparent and adequately supported proof of claim is that the creditor is entitled to presumptive validity of the claim. The consequence for a creditor's failure to comply with Fed. R. Bankr. P. 3001 regarding

7

the filing of a proof of claim which is challenged by a substantive objection is an evidentiary burden to establish its claim, and, upon a creditor's failure to comply with Fed. R. Bankr. P 3001(c), the possibility of being charged with attorney's fees and expenses caused by that failure, and the possibility of being precluded from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or harmless. *See id.;* Fed. R. Bankr. P. 3001(c)(2)(D).

Real Time failed to provide a copy of the promissory note and a legible copy of the Mortgage upon which its claim is based as required by Fed. R. Bankr. P. 3001(c)(1), provided inconsistent information regarding the interest rate and amount of interest due on the loan, and failed to properly and accurately complete the Mortgage Proof of Claim Attachment (Official Form 410A). Real Time's failure to provide the required information to support its claim resulted in the filing the Objection to Claim by Debtor, delay in confirmation of his plan, and the incurrence attorney's fees and expenses in the amount of $1,812.00, as indicated by the affidavit of attorney's fees submitted into evidence by Debtor's counsel. The Court finds the attorney's fees and expenses requested by Debtor to be reasonable, applying the lodestar method for determining reasonableness as set forth in *Weatherford v. Tinmark (In re Weatherford)*, 413 B.R. 273 (Bankr. D.S.C. 2009)[8] and applying the factors set forth in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.

---

[8] The lodestar method requires a determination of the number of hours reasonably spent on a matter multiplied by a reasonable hourly rate. The Court has reviewed the affidavit of attorney's fees submitted into evidence by Debtor's counsel and finds that Steadman Law Firm's billing rates are at or below the prevailing market rate in South Carolina for this type of work and that the number of hours billed were necessary and appropriate under the circumstances of this case.

1978).[9] In this case, the Court finds it appropriate to require Real Time to pay Debtor's counsel reasonable attorney's fees and expenses in the amount of $1,812.00.

Based on Real Time's failure to provide the required information in its proof of claim and failure to respond to the Objection to Claim, which provided notice that Debtor was seeking relief under Rule 3001(c)(2)(D)(i), the Court finds that Debtor is entitled to such relief and that Real Time should be precluded from presenting the omitted information regarding its claim in any form as evidence in any contested matter or adversary proceeding in this case absent further order of this Court. No evidence was presented that Real Time's failure to provide such information was substantially justified or harmless.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Debtor's Objection to Claim of Real Time is sustained, and the claim of Real Time is reduced and allowed as secured in the amount of $15,948.75; it is further ordered that Real Time shall pay Debtor's attorney's fees and costs in the amount of $1,812.00 directly to Steadman Law Firm, P.A., P.O. Box 60367, North Charleston, SC 29419, within fourteen (14) days of the entry of this Order; and it is further ordered that Real Time is precluded from presenting any of the information omitted from its claim in any form as evidence in any contested matter or adversary

---

[9] Those factors include:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and his or her client; and (12) attorney's fees awards in similar cases.

9

proceeding in this case absent further order of this Court. Debtor's counsel shall serve a copy of this Order on Real Time within three (3) days of the entry of this Order.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**08/25/2020**



Entered: 08/25/2020

*John E Waites*

US Bankruptcy Judge
District of South Carolina